UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| David Goulding, Howard Salamon, Robin Goulding and John O'Shea | ) ) ) |
| Plaintiffs | ) ) |
| vs. | ) Case No. 1:22-cv-05224 ) ) Judge Sharon Johnson Coleman ) Magistrate Judge Finnegan ) |
| Mark Miller | ) ) |
| Defendant | ) |

**DEFENDANT'S RESPONSES TO PLAINTIFFS FIRST DOCUMENT REQUEST**

Now comes the Defendant, Mark Miller, by his attorneys, and responds to the Plaintiffs First Document Request as follows:

1. Copies of the Defendant's federal income tax returns for the most recent three calendar years.

   RESPONSE: Defendant objects to this production request as overly broad, burdensome, and irrelevant to the cause of action and not likely to lead to relevant documents or information.

2. All documents and communications related to accounts which the Defendant has held either directly or indirectly in any financial institution or brokerage company during the most recent three calendar years, including without limitation all monthly or quarterly statements, and cancelled checks for twelve months prior to the date of hearing.

   RESPONSE: Defendant objects to this production request as overly broad, burdensome, and irrelevant to the cause of action and not likely to lead to relevant documents or information.

3. All documents and communications related to any interest which the Defendant has ever owned or controlled, either directly or indirectly, in any business, including without limitations Capitol Capital Corporation, in any jurisdiction whatsoever.

   RESPONSE: Defendant objects to this production request as overly broad, burdensome, and irrelevant to the cause of action and not likely to lead to relevant documents or information. Notwithstanding said objection, Defendant agrees to produce the requested documents regarding Capitol Capital Corporation.

4. All documents and communications related to any real property owned by the Defendant, directly or indirectly, or in which the Defendant holds any interest.

   RESPONSE: Defendant objects to this production request as overly broad, burdensome, and irrelevant to the cause of action and not likely to lead to relevant documents or information.

5. All documents and communications related to any trusts in which the Defendant holds any beneficial interest, vested or future, including without limitation, copies of such trust agreements.

   RESPONSE: Defendant objects to this production request as overly broad, burdensome, and irrelevant to the cause of action and not likely to lead to relevant documents or information.

6. All documents and communications related to ownership or interest of the Defendant in any motor vehicle, boat, or other asset licensed through the Secretary of State, including without limitation titles thereto.

   RESPONSE: Defendant objects to this production request as overly broad, burdensome, and irrelevant to the cause of action and not likely to lead to relevant documents or information.

7. All documents and communications related to ownership or interest of the Defendant in any personal property, including without limitation, furniture; machinery; equipment; computer equipment; jewelry; furs; art objects; antiques; stamp, coin or other collections.

   RESPONSE: Defendant objects to this production request as overly broad, burdensome, and irrelevant to the cause of action and not likely to lead to relevant documents or information.

8. All documents and communications related to business accounts receivable, or other sums owed or due to the Defendant.

RESPONSE: Defendant objects to this production request as overly broad, burdensome, and irrelevant to the cause of action and not likely to lead to relevant documents or information.

9. All documents and communications related to Defendant's wages, including without limitation, pay stubs for two years prior to the date of hearing.

   RESPONSE: Defendant objects to this production request as overly broad, burdensome, and irrelevant to the cause of action and not likely to lead to relevant documents or information.

10. All documents and communications related to Capitol Capital Corporation ("CCC-CO"), a Colorado Corporation, and any interest owned directly or indirectly in CCC by Defendant and/or Defendant's wife.

    RESPONSE: Defendant agrees to produce all documents related to Capitol Capital Corporation ("CCC-CO"), a Colorado Corporation

11. All documents and communications related to Capitol Capital Corporation ("CCC-WY"), a Wyoming Corporation, and any interest owned directly or indirectly in CCC by Defendant and/or Defendant's wife.

    RESPONSE: Defendant agrees to produce all documents related to Capitol Capital Corporation ("CCC-WY"), a Wyoming Corporation

12. All documents and communications related to proceeds of sale of any of the stock in CCC-CO or CCC-WY, which proceeds were received directly or indirectly by Defendant and/or Defendant's wife, including without limitation, all documents and communications that evidence where the proceeds were deposited, what remains, and to whom the proceeds were disbursed.

    RESPONSE: None

13. All documents and communications related to proceeds of sale of any of the stock in Indo Global Exchange(s) Pte, Ltd, which proceeds were received directly or indirectly by Defendant and/or Defendant's wife, including without limitation, all documents and communications evidencing where the proceeds were deposited, what remains, and to whom the proceeds were disbursed.

    RESPONSE: None

14. All documents and communications related to proceeds of sale of any of the stock in Cann American Corp., which proceeds were received directly or indirectly by Defendant and/or Defendant's wife, including without limitation, all documents and communications evidencing where the proceeds were deposited, what remains, and to whom the proceeds were disbursed.

15. RESPONSE: Defendant objects to this production request as overly broad, burdensome, and irrelevant to the cause of action and not likely to lead to relevant documents or information.

16. All documents and communications related to proceeds of sale of any of the stock in Seven Arts Entertainment, Inc., which proceeds were received directly or indirectly by Defendant and/or Defendant's wife, including without limitation, all documents and communications evidencing where the proceeds were deposited, what remains, and to whom the proceeds were disbursed.

    RESPONSE: Defendant objects to this production request as overly broad, burdensome, and irrelevant to the cause of action and not likely to lead to relevant documents or information.

17. All documents and communications related to sale, transfer, gift, hypothecation, or any other transaction, whether for consideration or no consideration, of any assets in which

Defendant and/or his wife directly or indirectly held an interest valued in excess of $2,000.00, including without limitation, all documents and communications evidencing the transaction, where the assets were transferred, where the proceeds, if any, were deposited, what remains, and to whom the assets were distributed.

18. RESPONSE: Defendant objects to this production request as overly broad, burdensome, and irrelevant to the cause of action and not likely to lead to relevant documents or information.

*/s/ Thomas F. Burke*
Attorney for the Defendant

Thomas F. Burke
Johnson & Bell, Ltd.
33 W. Monroe Street
27th Floor
Chicago, IL 60603
burket@jbltd.com