# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| David Goulding, Howard Salamon, Robin Goulding and John O'Shea | )<br>)<br>) Case No. 1:22-cv-05224 |
| Plaintiffs ` | )<br>) Judge Sharon Johnson Coleman |
| vs. | ) Magistrate Judge Finnegan<br>) |
| Mark Miller | )<br>) |
| Defendant | ) |

## **DEFENDANT'S FIRST REQUEST FOR DOCUMENTS AND INFORMATION**

Now comes the Defendant Mark Miller, by his attorneys, and propounds the following discovery requests to the Plaintiffs to be responded to on or before April 30, 2024 at the offices of Johnson & Bell, Ltd., 33 W. Monroe, 27th Floor, Chicago, IL 60603, as follows:

## **DEFINITIONS**

A. As used herein, the terms "Plaintiff," "You" or "Your" shall mean each of the individual plaintiffs and each of their present and/or former legal representatives, spouses, dependent children, heirs, beneficiaries, estates, trusts, administrators, executors, assigns, agents, independent contractors, insurers, accountants, partners and all other persons purporting to act on their behalf.

B. As used herein, "Defendant" means Mark Miller.

C. As used herein, "CCC" means Capitol Capital Corporations, as well as any of its present and former agents, employees and representatives.

D. As used herein, the term "securities" means stocks, bonds, limited partnership interests, notes, warrants, and any other evidence of obligations to pay money or of rights to participate in earnings and distributions of corporate, LLC or trust assets.

E. As used herein, the term "person" includes any natural person, firm, partnership, association, proprietorship, joint venture, corporation, underwriter, governmental agency, or other organization or legal business entity, or any independent contractor of any person who has performed, or is performing, or has contracted to perform, services or provide materials or information on Defendant's behalf or at Defendant's behest.

F. The word "communications" means communications of any kind whatsoever, including, without limitation, discussions, meetings or negotiations, statements, representations, mailings, facsimiles, electronic transmissions or conversations, whether they be face-to-face or otherwise.

G. The term "investments at issue" shall refer to the investments referenced in the Amended Complaint.

H. Documents within the Plaintiffs' possession, custody or control should be produced. This includes, but is not limited to, all documents in Plaintiffs' physical possession in hard paper or electronic form, as well as any documents that Plaintiffs can obtain by going online and/or getting from professionals under their control such as accountants.

I. These requests represent a continuing request for production. Therefore, if a document or documents called for pursuant to these requests are not in existence or in the control of Plaintiffs at the time they first responds to these requests, but later comes into existence or into their control, Plaintiffs must immediately produce the same to Defendant.

## CLAIMS OF PRIVILEGE OR CONFIDENTIALITY

In accordance with the Federal Rules of Civil Procedure, if you claim or respond that any information and/or document responsive to any request is privileged or confidential, describe in writing each document and information so withheld and provide the following information:

A. the reason for withholding the document or information;

B. a statement of the basis for the claim of privilege, work product or other ground of non-disclosure;

C. a brief description of the document or information, including:

1. the number of pages, attachments and appendices and the name(s) and address of its author(s) and/or preparer(s);

2. the name and address of each person to whom the document and/or information was sent, shown and/or carbon copied;

3. the current location(s) document and the name(s) and address(es) of each person who has had access to or custody of the document, together with an identification of each such person; and

4. the subject matter of the document and information and, in the case of any document relating or referring to a meeting, communication or conversation, the name(s) of each person present during that meeting, communication and/or conversation and the date of the same.

## AFFIRMATION IN THE EVENT THAT THERE ARE NO RESPONSIVE DOCUMENTS OR INFORMATION

In accordance with the Federal Rules of Civil Procedure, if you claim or respond that no responsive information or documents exist, Defendant request that you 1) state in writing that you conducted a good faith search for the requested information or documents; 2) describe the extent of the search and when the search was performed; and 3) state whether, based on each search, any such information or documents exist and was found.

## DOCUMENTS REQUESTED

1. All documents and communications relating to any securities interest which the Plaintiffs have owned or controlled in CCC.
2. All documents and communications relating to any securities interest which the Plaintiffs have owned or controlled in Indo Global.
3. All documents and communications relating to any transactions in which CCC acquired an interest in Indo Global.
4. All documents and communications relating to any transactions in which any of the Plaintiffs purchased any security interest in CCC;
5. All documents and communications relating to any corporate minutes that reflect ownership or control by any of the Plaintiffs or their agents in CCC.
6. All documents and communications between the Defendant and any of the Plaintiffs relating to ownership or control of CCC.
7. All documents and communications relating to any appointment or resignation of any of the Plaintiffs as an officer of CCC.
8. All documents and communications relating any notes of conversations between the Defendant and any Plaintiff, or officer of CCC, that relate to the ownership or management of CCC.
9. All documents and communications with any third party relating to the ownership or control of CCC.
10. All documents and communications which support Plaintiffs' allegations in their First Amended Complaint.
11. All documents and communications of any shareholders list for CCC from its inception to the present.

12. All documents and communications relating to the sale of CCC stock from its inception to the present.

                                              *Thomas F. Burke*
                                              One of the attorneys for the Defendant

Thomas F. Burke
Johnson & Bell, Ltd.
33 W. Monroe Street
Suite 2700
Chicago, IL 60603