UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

David Goulding, Howard
Salamon, Robyn Goulding, and
John O'Shea

    Plaintiffs,

v.

Mark Miller,

    Defendant.

22 cv 05224

Magistrate Judge Finnegan

**PLAINTIFFS' RESPONSE TO MOTION FOR SANCTIONS**

**NOW COME** Plaintiffs, by and through their Counsel, Fred R. Harbecke, and in response to Defendant's Motion for Sanctions argues as follows:

### I. PROCEDURAL STATUS

1. Plaintiffs' Counsel received Defendant's Production Request on or about April 2, 2024 and forwarded it to Plaintiffs to compile the required documents.

2. At or about that time, Counsel requested the Plaintiffs seek substitute counsel to handle the balance of this case.

3. On or about April 30, 2024, the firm of Carter&Davis LLC introduced themselves to Counsel stating that they had spoken with Plaintiffs who had requested that they provide substitute counsel. On April 30, 2024, Counsel spoke in person with Michael Davis in order to provide him with back ground.

4. On or about May 14, 2024 Counsel reported to this Court that he had received documents and was reviewing them.

5. On May 20, 2024 Counsel appeared before Judge Coleman, and

1

after the hearing informed counsel for Defendant of his intentions to withdraw.

6. On May 31, 2024 Counsel received additional documentation in an electronic format that Counsel could not open. Counsel immediately requested that the documentation be forwarded to him in a format that Counsel could access.

7. On or about June 5, 2024, Counsel received the documents via Google Drive (which Counsel again could not open) and forwarded the link to Defendant's counsel with the hope that he could open it.

8. On or about June 6, 2024 Counsel received proposed written responses from Plaintiffs, which required revisions to comply with the Federal Rules.

9. On June 24, 2024, Counsel was advised that Carter&Davis LLC had been retained by Plaintiffs.

10. On June 24, 2024 Defendant filed the instant motion.

11. A few days thereafter, Counsel met in person with Michael Davis and delivered his files to and Carter&Davis LLC.

12. On July 12, 2024 a motion was been filed by Carter&Davis LLC for leave to appear. To date that request has not been acted upon by Judge Coleman.

## II. THE MOTION

The Defendant's Rule 37 Motion seeks to have the case dismissed as a result of Counsel's delays in timely responding to written discovery.

## III. ARGUMENT

In *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th

2

Cir.1998), the Seventh Circuit held that:

> "The drastic nature of a dismissal with prejudice requires the action to be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable." 8 F.3d at 1199 (internal quotations omitted); *cf. Long v. Steepro*, 213 F.3d 983, 986 (7th Cir.2000) ("[The] ultimate sanction is reserved for cases in which the offending party has demonstrated wilfulness, bad faith, or fault."). "In determining whether the sanction of dismissal constituted an abuse of discretion, we look at the entire procedural history of the case." *Long*, 213 F.3d at 986; *accord Grun*, 163 F.3d at 425. Although there is no requirement that the district court select the "least drastic" sanction, district courts should only impose sanctions that are "proportionate to the circumstances surrounding a party's failure to comply with discovery rules." *Melendez v. Illinois Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir.1996). Among the factors included in the analysis are "the frequency and magnitude of the [party's] failure to comply with court deadlines, the effect of these failures on the court's time and schedules, the prejudice to other litigants, and the possible merits of the plaintiff's suit."

Applying the standards outline in *Williams*, the question is whether Counsel's conduct demonstrated wilfulness, bad faith, or fault. Counsel believes that his conduct, while resulting in delayed responses to Defendant's production request do not arise to these.

In determining this, Counsel's actions should be analyzed given: the frequency and magnitude of the [party's] failure to comply with court deadlines, the effect of these failures on the court's time and schedules, the prejudice to other litigants, and the possible merits of the plaintiff's suit. Here, while this effected the Court's time and schedules, it was not the result of frequent or substantial failures to comply with Court deadlines; has not prejudiced other litigants; and would effect the merits of the case. Therefore, the result prayed by Defendant the frequency and magnitude of the [party's] failure to comply with court deadlines,

3

would be disproportionate to the circumstances surrounding Counsel's failure to comply with discovery rules.

This Honorable Court has asked Counsel what he would suggest to be a reasonable sanction. Given the Court's findings, Counsel would suggest payment of reasonable costs and attorneys' fees to prepare the Rule 237 Motion.

David Goulding, Howard Salamon, Robyn Goulding, and John O'Shea

/x/Fred R. Harbecke

Fred R. Harbecke
53 W. Jackson Blvd., Suite 1510
Chicago, IL 60604
(312) 443-9505
Attorney No. 50107
fredrarhbecke@sbcglobal.net

4