UNITED STATES DISTRICT COURT

FOR THE NOTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| David Goulding, Howard Salomon, Robin Goulding and John O'Shea | ) ) ) | |
| Plaintiffs | ) ) | Case No. 1:22-cv-05224 |
| Vs | ) ) | Honorable Sharon Johnson Coleman |
| | ) | Magistrate Judge Laura K. McNally |
| Mark Miller | ) ) | |
| Defendant | ) | |

**PLAINTIFF'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND FOR SANCTIONS**

Now comes the Defendant, Mark Miller, by his attorneys, and responds to Plaintiffs' Motion for Leave to File Second Amended Complaint as follows:

**INTRODUCTION**

Plaintiffs are petitioning the court for leave to file a Second Amended Complaint ("SAC") adding a new plaintiff, two new defendants and an additional seven counts after having filed an Amended Complaint approximately two and one half years ago. The reason Plaintiffs assert they need to once again amend their complaint is because they only recently discovered "new evidence". On the contrary, Plaintiffs had all of the "new evidence" months prior to the close of discovery and should have had knowledge of some of it for years.

Plaintiffs claim that the new evidence consists of learning during Mark Miller's deposition, that Mark Miller opened a bank account in 2019 for Capitol Capital Corporation ("CCC"), that Mark Miller and Jennifer Miller filed documents with the State of Colorado on August 6, 2023,

that Mark Miller and Jennifer Miller caused to be filed certain "Amended and Restated Articles of Incorporation" with the Colorado Secretary of State in December of 2024 just prior to his deposition and that Mark Miller paid Market Capital Concepts ("MCC") for the shares at issue.

Plaintiffs received a copy of the bank account statement in September of 2024 through documents produced by Defendant, so the discovery of this account did not first occur at Mark Miller's deposition in December of 2024. The Colorado filing in August of 2023 was public information, and the Colorado filing just prior to Mark Miller's deposition relates to current ownership of CCC and not to the events that took place in 2019, and the allegations pertaining to MCC being paid for Indo Global Exchange ("IGEX") stock in the agreement at issue is a distortion of Mark Miller's testimony. Mark Miller testified that there was a loan to MCC from CCC which was repaid by MCC. In short, Plaintiffs have failed to set forth valid claims in their Amended Complaint[1] and now seek new claims unrelated to their case that has been pending since 2022.

## LEGAL AUTHORITY

Federal Courts are not bound to automatically grant amendments to pleadings. In *Allen v. Brown Advisory, LLC*, 41 F.4th 843 (7th Cir. 2022), the appellate court upheld a denial of plaintiff's motion for leave to amend based on Fed. R. Civ. P. 16(b)(4) and Rule 15(a)[2] because plaintiff had

---

[1] Defendant has filed a Motion for Summary Judgment which is pending with the court.

[2] Rule 15. Amended and Supplemental Pleadings

>   (a) AMENDMENTS BEFORE TRIAL.
>   (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
>   (A) 21 days after serving it, or
>   (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>   (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

already amended once and the deadline for amending the pleadings had passed. Moreover, the proposed second amended complaint would have added new theories of liability that would have prejudiced defendants. The court held:

> A district court is within its discretion to deny leave to amend when it has a "good reason" for doing so, such as futility, undue delay, prejudice to another party, or bad-faith conduct. Liebhart v. SPX Corp., 917 F.3d 952, 964 (7th Cir. 2019). Prejudice to the nonmoving party caused by undue delay is a particularly important consideration when assessing a motion under Rule 15(a)(2). See, e.g., id. at 965; Dubicz v. Commonwealth Edison Co., 377 F.3d 787, 792 (7th Cir. 2004).

Id. at 853.

Allen argued that under Rule 15, the courts should freely grant amendments to pleadings. The Allen court, cited Bell v. Taylor, 827 F.3d 699, 706 (7th Cir. 2016); Adams v. City of Indianapolis, 742 F.3d 720, 734 (7th Cir. 2014); Brosted v. Unum Life Ins. Co. of Am., 421 F.3d 459, 463-64 (7th Cir. 2005), articulated that generally speaking, it is reasonable to conclude that a plaintiff is not diligent when he in silence watches a deadline pass even though he has good reason to act or seek an extension of the deadline.

There were several reasons that the Allen court rejected plaintiff's motion to amend. Allen already had amended once, the amendment did not rely on any documents obtained through discovery, nor did Allen otherwise explain how the discovery disputes frustrated his ability to move to amend earlier. The court held that Allen provided no good excuse for his untimeliness. Furthermore, the court denied the amended pleading because it would have added new theories to the case rather than shore up the deficiency of the allegations in the prior complaint.

The Allen court stated that:

> An amended pleading is less likely to cause prejudice if it comes without delay or asserts claims related to allegations asserted in prior pleadings. See Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc., 831 F.3d 815, 832 (7th Cir. 2016). Conversely, prejudice is more likely when an amendment comes late in the litigation and will drive the proceedings in a new direction. See, e.g., McCoy v. Iberdrola Renewables, Inc., 760 F.3d 674, 687 (7th Cir. 2014) (affirming the denial

of a motion to amend brought at a late stage that introduced new theories of liability.

*Allen* at 854

In *Roman v. Triton Logistics, Inc.*, No. 23 CV 15146, 2025 U.S. Dist. LEXIS 24921 (N.D. Ill. Feb. 11, 2025), the plaintiff sought to amend his complaint a second time to add four companies as defendants. He argued that his proposed amendments were the result of an investigation spurred by defendant's assertion that it was facing financial difficulties. Citing *Allen* as precedent, the appellate court upheld the lower court's denial of plaintiff's leave to amend. The court noted that the plaintiff was on notice of the proposed defendants but did not investigate further until Triton's financial viability became a question. And even then, the plaintiff delayed bringing his motion to amend until the day before the close of fact discovery.

The court reasoned:

> Rule 15 generally favors amendment, but a court may deny leave to amend for a "good reason," such as futility, undue delay, prejudice to another party, or bad-faith conduct. *Id. at 853*. "Prejudice to the nonmoving party caused by undue delay is a particularly important consideration under Rule 15(a)." *Id.* As discussed above, Roman was on notice of the proposed defendants but did not investigate further until Triton's financial viability became a question in September. And even then, Roman delayed to bring his motion to amend until the day before the close of fact discovery.

*Roman* at 4.

In the case at bar, the plaintiffs have already amended their complaint once in December of 2022, nearly two- and one-half years ago. Plaintiffs now are attempting to create an entirely new cause of action with an additional plaintiff and two new defendants relating to facts that they had knowledge of months prior to Plaintiffs' Motion for Leave to Amend, which should not be granted, only after it became clear to them that Defendant Mark Miller's financial viability.

I.     **THERE IS NO VALID REASON FOR PLAINTIFFS' LATE REQUEST FOR AN AMENDMENT**

Plaintiffs have continuously delayed to prosecute their claims against the Defendant and now claim that they suddenly discovered new evidence. Plaintiffs could have discovered the evidence years ago had they actually attempted to prosecute their case. Below is a history of Plaintiffs' lack of effort in this case.

1. On September 26, 2022, Plaintiffs filed their claim against Defendant Mark Miller.

2. On November 14, 2022, Plaintiffs sought an extension of time to respond to Miller's Motion to Dismiss for lack of jurisdiction.

3. On November 29, 2022, this Court entered an order allowing Plaintiffs to amend their complaint.

4. On December 19, 2022 Plaintiffs filed their Amended Complaint.

5. On March 7, 2023, Plaintiffs filed their Motion for Extension of time to file a Response Brief to Miller's Motion to Dismiss/

6. On June 25, 2024 the Honorable Sheila M. Finnegan took under advisement Defendant's Motion for Sanctions for Plaintiffs failure to respond to discovery.

7. On July 17, 2024, Judge Finnegan granted Defendant's Motion for Sanctions.

8. On October 2, 2024, Defendant moved to quash nine different subpoenas issued by Plaintiffs.

9. On October 10, 2024, Magistrate Finnegan granted Defendants Motion to Quash. However, she stated that to the extent Plaintiffs already have received documents in response to subpoenas that Defendant did seek to quash in his motion, Plaintiffs may retain the records. All other records obtained in response to the subpoenas shall be returned by Plaintiffs to the senders. In addition, no later than 10/12/2024, Plaintiffs shall

notify those subpoena recipients who have not yet responded to the subpoenas that records should not be sent due to the Court's ruling.

10. Upon information and belief, Plaintiffs never sent any notification to subpoena recipients that had not yet responded to the subpoenas.

11. On December 27, 2024, Magistrate Finnegan granted Plaintiffs additional time until February 15, 2024, to take the deposition of Jennifer Miller and Jason Black.

12. On February 7, 2025, Plaintiffs' counsel took the discovery deposition of Jennifer Miller.

13, On February 18, 2025, the Honorable Laura K. McNally. Issued an order that Plaintiff's oral request to extend fact discovery for the purpose of locating and then deposing Jason Black was denied.

Plaintiffs falsely state that at no time until discovery was closed were they aware of the undisclosed bank account. Plaintiffs produced in discovery a copy of the bank statement for the bank account statement that Mark Miller opened on behalf of Capitol Capital Corporation ("CCC") The American National Bank statement was produced in discovery to Plaintiffs in September of 2024. Furthermore, during his deposition on December 13, 2023, Mark Miller confirmed that he opened an account at American National Bank on behalf of CCC .

As for the August 6, 2024 and December 2024 filings with the State of Colorado, these event are unrelated to the Plaintiffs' cause of actions set forth in their Amended Complaint. In essence, Plaintiffs are attempting to set forth totally different claims against Mark Miller and his wife. Furthermore, Plaintiffs are attempting to drag Market Capital Concepts, LLC ("MCC") into the case by asserting that MCC received $62,412.50 from the sale of the IGEX stock at issue. This is a misrepresentation of Mark Miller's deposition testimony in which he stated that CCC had

made a loan to MCC, which it repaid. Plaintiffs attempts to add additional parties is nothing more than trying to find defendants that have money they can possess.

## II. PLAINTIFFS' SECOND AMENDMENT TO THE COMPLAINT WOULD BE FUTILE

This Court would have no jurisdiction over Jennifer Miller, a resident of the State of Minnesota. The only reason that this court has jurisdiction over Mark Miller is its ruling that the agreement in dispute contained a consent to jurisdiction. Jennifer Miller was not a party to the agreement.

As for MCC, the dealings between MCC and CCC occurred subsequent to the events set forth in the Complaint and the Amended Complaint. As for the agreement used by the Plaintiffs in their case, MCC was supposed to be a recipient of funds, just like the Plaintiffs, so it could not have breached the agreement with Plaintiffs.

## III. PLAINTIFFS' SECOND AMENDMENT TO THE COMPLAINT WOULD CAUSE UNDUE DELAY AND PREJUDICE

Plaintiffs are attempting to add new theories of liability to their case. Plaintiffs' case is based on four counts. Plaintiffs Second Amended Complaint adds information and parties that have no relevance to its Amended Complaint. None of the four counts in the Amended Complaint relate to any actions of Jennifer Miller or MCC. Plaintiffs' Motion is nothing more than an attempt to continue to harass and to delay the outcome of the case.

## IV. PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT IS DONE IN BAD FAITH

Plaintiffs have filed a frivolous lawsuit against Mark Miller and are now attempting to add additional parties. Plaintiffs have repeatedly ignored court deadlines and have failed to prosecute their case in a timely manner. Their Motion for Leave to file a SAC contains false allegations pertaining to when they received information pertaining to a bank account and what Mark Miller actually testified to in his deposition. Rule 11(c) of the Federal Rules of Civil Procedure is designed to ensure that claims brought in federal court have merit and are not brought for an improper purpose. It states:

> 11(c) Sanctions.
> (1) *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

Plaintiffs should be sanctioned for their wrongful conduct.

Wherefore, for all of the above reasons, Defendant prays for this court to deny Plaintiffs' Motion for Leave to file a Second Amended Complaint and for sanctions that this court deem just.

Respectfully Submitted,

*Thomas F. Burke*
One of the attorneys for the Defendant

Thomas F. Burke
Johnson & Bell, Ltd.
33 W. Monroe Street,
27th Floor
Chicago, IL 60521
Burket@jbltd.com