IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| David Goulding, Howard Salamon, ) <br> Robyn Goulding, and ) <br> John O'Shea., ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> Mark Miller, ) <br> Defendant. ) | Case No. 1:22-cv-05224 <br><br> Judge Sharon Johnson Coleman |

**PLAINTIF MOTION FOR EXTENSION OF TIME TO FILE THIRD AMENDED COMPLAINT**

NOW COMES, Plaintiffs by and through their attorneys, Davis & Carter, LLC, and moves this Court for entry of an order extending the time to file a third amended complaint.

1. On May 21, 2025, this Court issued an order permitting Plaintiff's to file a Third Amended Complaint correcting certain errors in the Second Amended Complaint by May 23, 2025 (Dkt 116).

2. Plaintiff' attorney was travelling by automobile on May 21, 2025, when the order was issued via email and had limited internet reception via cell phone only and thus limited access to documents at that time;

3. Thus, Plaintiffs attorney negligently did not view the order issued via Dkt 116 until he returned to the Office on May 27, 2025.

4. Rule 6(b)(1)(B) provides that when a party moves to extend a deadline that has already passed, the court should deny the motion unless the movant can show that her failure to meet the deadline was the result of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *see*

1


*Hassebrock v. Bernhoft*, 815 F.3d 334, 341 (7th Cir.2016) ("Rule 6 provides that when a request for extension of time is made *after* an expired deadline, 'the court may, for good cause, extend the time ... if the party failed to act because of excusable neglect.' "). The determination whether a party's neglect is excusable is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (interpreting a parallel provision of the Federal Rules of Bankruptcy Procedure); Knapp v. Evgeros, Inc., 205 F. Supp. 3d 946, 951 (N.D. Ill. 2016).

    5. Here, Plaintiff preys that this Court finds that the negligence was "excusable". Checking email from a phone when on a driving trip is difficult, and Plaintiffs attorney believes that he must have somehow marked the relevant email alerting him to Dkt 116 as "read"; causing him to not view the order until he checked his email when he returned to the office on Monday May 27, 2025.

    6. Had Plaintiff's attorney seen the email containing Dkt 116 on May 21, 2025, he would have filed the extension sooner. Plaintiff's attorney also notes that his law partner was travelling overseas via airplane on May 21, 2025, for a family matter.

    7. Plaintiffs would be prejudiced by their attorneys negligence by not being able to make the corrections this Court had ordered. The extension requested is a short one; two business days in total and should not prejudice Defendant in any way. Plaintiffs also note that they granted Defendant's recent extension of time (Dkt, 87).

    8. Plaintiffs respectfully request this Court to extend the date to file a third amended complaint with the corrections ordered by the court the day after this Motion, May 28, 2025.

9. This Motion has been filed in good faith and is not interposed for purposes of delay.

10. Defendants have indicated that they oppose this requested extension.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order as follows:

A. Extended the deadline to file a third amended complaint by May 28, 2025.

Respectfully submitted,

/s/ Michael S. Davis
 One of the attorneys for Plaintiff s

Michael Davis
Davis & Carter LLC
53 W. Jackson Blvd. #1560
Chicago, IL 60604
312-763-8214
ARDC # 6199722
mdavis@daviscarterlaw.com