IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID GOULDING, HOWARD SALAMON, ROBYN GOULDING and JOHN O'SHEA, <br><br> Plaintiffs, <br><br> vs. <br><br> MARK MILLER, <br><br> Defendant. | Court No: 1:22-cv-05224 <br><br> Judge Sharon Johnson Coleman |

**DEFENDANT'S MOTION TO STRIKE THE THIRD AMENDED COMPLAINT**

NOW COMES the Defendant, MARK MILLER, by and through his attorneys, JOHNSON & BELL, LTD., and moves to strike Plaintiff's Third Amended Complaint for the following reasons:

## INTRODUCTION

On May 21, 2025, this Court issued an order in this case striking Plaintiffs' Second Amended Complaint because it contained claims that were separate and far removed from the proceedings in the case. The order gave Plaintiffs leave to file a Third Amended Complaint, cautioning them that if the Third Amended Complaint contained similar deficiencies, it would strike that pleading as well. Defendant asserts that the Third Amended Complaint contains the same deficiencies.

## ARGUMENT

The order striking the Second Amended Complaint stated as follows:

MINUTE entry before the Honorable Sharon Johnson Coleman: Plaintiffs' second amended complaint is stricken for failure tao comply with the Court's order [114]. In it's order granting in part and denying in part Plaintiffs' motion for leave to file a second amended complaint, the Court stated that "Plaintiffs are permitted to file a second amended complaint with information gained through the close of discovery that conforms with the counts asserted against Defendant in their amended complaint" but are not permitted "to add Capitol Capital Corporation as a plaintiff, Jennifer Miller and Market Cap Concepts, LLC [("MCC")] as defendants, nor the corresponding counts against Defendant, Jennifer Miller, and [MCC] identified in their motion" [113]. Specifically, in the order itself, the Court stated that "Plaintiffs' corporate hijacking claims are separate and far removed from what Plaintiffs themselves describe as the "general nature" of the litigation up to this point" and that "Plaintiffs' lack of diligence in uncovering this information cannot serve as the basis for an eleventh-hour amendment of their operative complaint." Despite this order, the Court notes several deficiencies in Plaintiffs' second amended complaint, including: (1) the caption includes Jennifer Miller and MCC as defendants; and (2) the facts relevant to all claims includes reference to Jennifer Miller and MCC, who are not parties to the case and against whom Plaintiffs - in accordance with the Court's order - do not seek relief. Plaintiffs are granted leave to file a third amended complaint conforming with the Court's order by 5/23/2025. If Plaintiff fails to do so, or if the third amended complaint contains similar deficiencies, the Court may strike the amended complaints and proceed with the first amended complaint [14] as the operative complaint for the purpose of summary judgment.

In its First Amended Complaint ("FAC") (See attached Exhibit A), Plaintiffs brought a causes of action relating to 680,000,000 shares of stock that it referred to as the "stolen stock" (FAC, par. 23). Plaintiffs sought damages based on four counts in the FAC. Each of the four counts specifically refers to the stolen stock as the basis for the claim.

A comparison of the FAC with the Third Amended Complaint ("TAC") (See attached Exhibit B) clearly indicates that Plaintiffs are yet once again attempting to expand the scope of their case at the stroke of midnight in an effort to violate this Court's order of May 21, 2025. Counts I and II in both FAC and TAC complaints are similar. Count One in each case relates to an

agreement to sell the stolen stock and divide the proceeds to multiple individuals. Count II in each case relates to Defendant's failure to perform a separate agreement to purchase stolen stock.

Count III of the FAC seeks damages for stealing the stolen stock and retaining the proceeds for himself, whereas Count III of the TAC does not limit itself to the stolen stock. Plaintiffs seeks damages for the sale of Indo Global Exchange ("IGEX") stock not only relating to the stolen stock, but to all IGEX stock sold by Capitol Capital Corporation ("CCC") as part of a hijacking scheme. As this Court stated in its order, "Plaintiffs' corporate hijacking claims are separate and far removed from what Plaintiffs themselves describe as the "general nature" of the litigation up to this point". Plaintiffs overreaching clearly violates the May 21 2025 order.

Count IV of the TAC relates to conversion of the CCC stock by Defendant because of the filing of incorporation in Colorado in August of 2023. This event, which occurred nearly three years after the alleged stolen stock was sold. Once again, Plaintiffs are attempting to expand the scope of their case that has been pending since 2022.

Count IV of the FAC relates to common law fraud pertaining to the stolen stock. Plaintiffs have abandoned their claim of common law fraud and instead added Count V of the TAC, which is a detailed account of the alleged hijacking of CCC, and Count VI, which is for unjust enrichment not limited to the stolen stock.

Because Plaintiffs have violated this Court's order pertaining to the scope of the case by attempting to expand their case to include the alleged hijacking of CCC, this Court should strike Plaintiffs' Third Amended Complaint.

Respectfully submitted,

JOHNSON & BELL, LTD.


By:   /s/ *Thomas F. Burke*  
        Attorney for Defendant

Thomas F. Burke, ARDC #6185040
JOHNSON & BELL, LTD.
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
312.372.0770
burket@jbltd.com