UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID GOULDING, HOWARD SALAMON, ROBYN GOULDING, and JOHN O'SHEA | ) ) ) |
| | ) Case No. 1:22-cv-05224 |
| *Plaintiffs*, | ) ) Judge Sharon Johnson Coleman |
| v. | ) ) |
| MARK MILLER, | ) ) |
| *Defendant*. | ) ) |

## ORDER

Oral argument on Plaintiffs' motion for summary judgment [120][121]. Plaintiffs' motion seeks summary judgment on all counts in their third amended complaint: Count I, breach of contract (the Agreement); Count II, breach of contract (the SPA Agreement); Count III, conversion of IGEX shares; Count IV, conversion of CCC common stock; Count V, fraud and misrepresentation; and Count VI (in the alternative), unjust enrichment. During oral argument, Defendant admitted that he did not file a response to Plaintiffs' statement of material facts and did not file a statement of additional facts. This failure to file a response is fatal to his argument at summary judgment. *See FTC v. Bay Area Business Council, Inc.*, 423 F.3d 627, 634 (7th Cir. 2005) ("When a party fails to comply with the local rule requiring a response to a statement of undisputed material facts, the court may rely on the opposing party's statement to the extent that it is supported by citations to relevant evidence in the record."). Because Defendant failed to file a response to Plaintiffs' Local Rule 56.1 statement of facts, the Court credits Plaintiffs' uncontroverted version of the facts to the extent that it is supported by evidence in the record and grants Plaintiffs' motion for summary judgment as to Counts I through V. And because damages for unjust enrichment are not awardable when the parties are governed by a contract, the Court strikes Count VI as moot. *Prima Tek II, L.L.C. v. Klerk's Plastic Indus., B.V.*, 525 F.3d 533, 541 (7th Cir. 2008).

## DISCUSSION

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). When determining whether a genuine dispute as to any material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 255; *McDaniel v. Progress Rail Locomotive, Inc.*, 940 F.3d 360, 367 (7th Cir. 2019). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must

set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (citing Fed. R. Civ. P. 56(e)).

Litigants in the Northern District of Illinois are required to abide by Local Rule 56.1 in their summary judgment filings. Local Rule 56.1(b)(2) requires the party opposing summary judgment to file a response to the moving party's statement of material facts "that attaches any cited evidentiary materials not attached to [the moving party's] statement [of material facts]." L.R. 56.1(b)(2). In responding to the statement of material facts, the non-moving party must admit the asserted fact, dispute the asserted fact, or admit in part and dispute in part the asserted fact. L.R. 56.1(e)(2). The response must consist of numbered paragraphs corresponding to the numbered paragraphs in the statement of material facts or statement of additional material facts. L.R. 56.1(e)(1). The response may not include any new facts that are not fairly responsive to the asserted fact to which the response is made nor contain legal argument. L.R. 56.1(e)(2). If the non-moving party wishes to assert a new fact that is not responsive to the moving party's asserted facts, the non-moving party can file a statement of additional material facts, with cited evidentiary material that is not attached to the statement of material facts or the response. L.R. 56.1(b)(3). While the Court has discretion to require strict compliance with Local Rule 56.1, it may insist on doing so "to promote the clarity of summary judgment filings." *Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011).

Defendant's failure to file a response to Plaintiffs' statement of material facts is a clear violation of Local Rule 56.1. Defendant attempts to save the arguments in his memorandum of law responding to Plaintiffs' motion by pointing to an affidavit he filed on his own behalf as an exhibit to his memorandum that he argues "refutes everything" in Plaintiffs' motion for summary judgment. (Dkt. 132, Ex. 2.) But such a blanket assertion, unsupported by any citations to the record, cannot overrule the material facts identified by Plaintiffs so as to create a genuine dispute of facts necessitating trial. *See First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1011 (7th Cir. 1985) ("Conclusory statements in affidavits opposing a motion for summary judgment are not sufficient to raise a genuine issue of material fact."). Nor will the Court take the time to shift through the record to find facts that support this affidavit when Defendant himself has declined to do so. *See Contilli v. Loc. 705 Int'l Bhd. of Teamsters Pension Fund*, 559 F.3d 720, 724 (7th Cir. 2009) ("Judges are not like pigs, hunting for truffles buried in briefs.") (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

"When a party fails to comply with the local rule requiring a response to a statement of undisputed material facts, the court may rely on the opposing party's statement to the extent that it is supported by citations to relevant evidence in the record." *FTC v. Bay Area Business Council, Inc.*, 423 F.3d 627, 634 (7th Cir.2005). Because Defendant failed to file a response to Plaintiffs' Local Rule 56.1 statement of facts, the Court credits Plaintiffs' uncontroverted version of the facts to the extent that it is supported by evidence in the record and grants Plaintiffs' motion for summary judgment as to Counts I through V.

This leaves Plaintiffs' unjust enrichment claim. To state a claim for unjust enrichment under Illinois law, a plaintiff must allege that the "defendant has unjustly retained a benefit to the plaintiff's detriment and the defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *See Blythe Holdings, Inc. v. DeAngelis*, 750 F.3d 653, 658 (7th Cir. 2014) (cleaned up). "Because it is an equitable remedy, unjust enrichment is only available when there is no adequate remedy at law." *Nesby v. Country Mut. Ins. Co.*, 346 Ill. App. 3d 564, 567, 281 Ill. Dec. 873, 805 N.E.2d 241, 243 (2004). Thus, the remedy of unjust enrichment is unavailable "[w]here there is

a specific contract that governs the relationship of the parties." *Id.* Accordingly, having granted summary judgment in favor of Plaintiffs on their breach of contract claims, the Court strikes Plaintiffs' claim for unjust enrichment (Count VI) as moot.

**IT IS SO ORDERED.**

Date: 8/14/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge