**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| David Goulding, Howard Salamon, | ) |
| Robyn Goulding, and | ) |
| John O'Shea., | ) Case No. 1:22-cv-05224 |
| Plaintiffs, | ) |
| v. | ) Judge Laura K. McNally |
| | ) |
| Mark Miller, | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION FOR LEAVE TO CONTEST**
**THE FACT OF DAMAGES AS AN ELEMENT OF LIABILITY**

Now Comes the Defendant, Mark Miller, by his attorneys Johnson & Bell, Ltd. and moves for an order allowing him to present evidence contesting the fact of damages as an element of liability for the following reasons:

**STATEMENT OF FACTS**

1. On August 25, 2026, Judge Coleman ruled that liability on Counts I-V, including the fact of damages as an element of liability will not be reconsidered on the issue of damages.

2. On April 27, 2026, Magistrate Judge McNally reconsidered the court's earlier ruling and held that "Those issues will not be reconsidered absent a motion for reconsideration."

**LEGAL ARGUMENT**

**Count I  Breach of Agreement**

Plaintiffs allege that they are entitled to damages on this count because the agreement ("Agreement"), dated July 17, 2019, signed by the CEO of Capitol Capital Corporation ("CCC") as well as others, gives Plaintiffs the right to collect the proceeds of a sale by CCC of its ownership interest in Indo Global Exchange ("IGX") stock.  As a matter of law, the Agreement is

unenforceable because it is against public policy.[1] Discovery in this case revealed that there are approximately 400 shareholders who own common stock in CCC. The Shareholder list indicates the initial Ownership Date of September 12, 2012, and the current date as of March 25, 2022. Some of the Plaintiffs are listed as common shareholders of CCC,[2] yet they argue that they are entitled to the proceeds of the Agreement because they were the ones who provided CCC funding[3] for the purchase of IGEX shares. The Plaintiffs purchased common stock in CCC, which did not give them any rights that the other CCC shareholders did not possess.

In essence, Plaintiffs are suing Defendant for fraud and conversion for failing to fulfill the terms of a contract that would amount to a breach of fiduciary duty, conversion and fraud pertaining to the vast majority of CCC's common shareholders, by denying CCC shareholders the proceeds of the sale of IGEX stock. Howard Salamon entered into the agreement on behalf of CCC while at the same time giving himself and his friends priority over other CCC shareholders.

Enforcement of illegal contracts is against Illinois public policy. *See Vine St. Clinic v. HealthLink, Inc.*, 222 Ill. 2d 276, 296, 856 N.E.2d 422, 305 Ill. Dec. 617 (2006); *Gamboa v. Alvarado*, 407 Ill. App. 3d 70, 75, 941 N.E.2d 1012, 347 Ill. Dec. 143 (2011) The public policy of the State of Illinois is found not only in the constitution, statutes, and long-standing case law (*Clark v. Children's Memorial Hospital*, 2011 IL 108656, ¶ 79), 955 N.E.2d 1065, 353 Ill. Dec. 254, but can also be found in federal law (*Wheeler v. Caterpillar Tractor Co.*, 108 Ill. 2d 502, 506, 485 N.E.2d 372, 92 Ill. Dec. 561 (1985)).

---

[1] Defendant has made the same argument in favor of his pending Motion for Summary Judgment, which he reasserts to this Court for decision.

[2] Plaintiff John O"Shea is not a shareholder of CCC; Plaintiff David Goulding has alleged that he does not personally own his shares in CCC, but that he is the owner of DSG Enterprises, LLC ("DSG"), which is listed as a shareholder of CCC; However, DSG was dissolved in 2022 by the State of Wisconsin.

[3] Plaintiffs produced no documents in discovery demonstrating that they provided any funds at any time for their shares of CCC.

Caselaw rulings have held that courts will not enforce an illegal contract or any rights that arise from an illegal contract. *Goodrich v. Tenney*, 144 Ill. 422, 430, 33 N.E. 44 (1893); *Ritacca v. Girardi*, 2013 IL App (1st) 113511, ¶ 32, 996 N.E.2d 236, 374 Ill. Dec. 789. This common law doctrine derives from the basic notion that no court will lend its aid to one who founds a cause of action upon an immoral or illegal act. *United Paperworkers International Union v. Misco, Inc.*, 484 U.S. 29 (1987). Illegality of contract is, therefore, a defense against actions seeking enforcement of a contract. *Kim*, 368 Ill. App. 3d at 307.

A contract is illegal where (1) its terms violate Illinois or federal law (see *Gamboa v. Alvarado*, 407 Ill. App. 3d 70, 75, 941 N.E.2d 1012, 347 Ill. Dec. 143 (2011)) or (2) it requires one or both parties to perform an illegal act (see *St. Louis, J. & C. R. Co. v. Mathers*, 104 Ill. 257, 259 (1882)). The Seventh Circuit has rejected the implication that only a criminal act may be 'illegal conduct,' *Syndicate Sales, Inc. v. Hampshire Paper Corp.,* 192 F.3d 633, 641 (7th Cir.1999).

Breach of fiduciary duty, fraud and conversion are considered illegal acts in Illinois. Fraud is generally considered a criminal offense, while breach of fiduciary duty and conversion are civil torts that can be pursued in a lawsuit,

Corporate officers owe a fiduciary duty of loyalty to their corporate employer. *Everen Securities v. A.G. Edwards & Sons*, 308 Ill. App. 3d 268, 276, 719 N.E.2d 312 (3rd Dist. 1999). Howard Salamon, who was the CEO of CCC at the time, gave preference to himself and his associates over the proceeds of CCC's sale of IGEX stock when he signed the Agreement. Plaintiffs cannot enforce a contract which amounts to a breach of fiduciary duty and fraud against the other CCC shareholders.

Furthermore, the injuries alleged by the Plaintiffs belong to all of the shareholders of the corporation. There are prudential limitations on a federal court's power to hear cases pursuant to

Fed. R. Civ. P. 17. *Rawoof v. Texor Petroleum Co.,* 521 F 3d 750 (7thCircuit 2008). The shareholder standing rule holds that a shareholder cannot sue for the indirect harm he suffers as a result of an injury to the corporation. Plaintiffs have no prudential standing to bring this action on a personal basis because they have not suffered any direct personal injury under the shareholder standing rule. Judge Coleman denied Plaintiffs Motion to Add CCC as an additional plaintiff in the case. Therefore, damages should not be awarded to Plaintiffs as to Count I.

### COUNT II- Defendant Breached the SPA Agreement.

Plaintiffs falsely allege that Mark Miller breached the Stock Purchase Agreement ("SPA") because Miller did not pay CCC the purchase price of $102,000 for 100,750,000 shares of IGEX. It is true that Miller never paid the $120,000; However, it is also undisputed that Miller never received any shares of IGEX from CCC pursuant to the SPA agreement  Plaintiffs cannot succeed on a breach of contract action where they did not fulfill their own obligations under the contract.

It is hornbook law that a Plaintiff's failure to perform its obligation under a contract precludes it from enforcing the contract's provisions. *Zemco Manufacturing, Inc. v. Navistar International Transportation Corp.,* 270 F.3d 1117, 1123 (7th Cir. 2001).

Additionally, the Plaintiffs were not parties to the Stock Purchase Agreement between Miller and CCC. As set forth above, Plaintiffs have no prudential standing to bring this action on a personal basis because they have not suffered any direct personal injury under the shareholder standing rule.

Therefore, damages should not be awarded to Plaintiffs as to Count II.

### COUNT III- Conversion of IGEX Shares, Count IV- Conversion of CCC Common Stock and Count V- Fraud and Misrepresentation

The injuries alleged by the Plaintiffs belong to all of the shareholders of the corporation. There are prudential limitations on a federal court's power to hear cases pursuant to Fed. R. Civ. P. 17. *Rawoof v. Texor Petroleum Co.,* 521 F 3d 750 (7thCircuit 2008). The shareholder standing rule holds that a shareholder cannot sue for the indirect harm he suffers as a result of an injury to the corporation. Plaintiffs have no prudential standing to bring this action on a personal basis because they have not suffered any direct personal injury under the shareholder standing rule. Therefore, damages should not be awarded to Plaintiffs as to Count III-V.

### **CONCLUSION**

Wherefore, for all of the above reasons, Defendant moves this Court for an order allowing him to contest the the fact of damages as an element of liability.

Respectfully Submitted,
*/s/ Thomas F. Burke*
Attorney for the Defendant

Thomas F. Burke (burket@jbltd.com)
Johnson & Bell, Ltd.
33 W. Monroe Street
Suite 2700
Chicago, IL 60603