IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| David Goulding, Howard Salamon, | ) | |
| Robin Goulding, and John O'Shea, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 22-cv-5224 |
| v. | ) | |
| | ) | Magistrate Judge Laura K. McNally |
| Mark Miller, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Before the Court is Defendant's oral motion to dismiss pursuant to Rule 41(b). For the reasons discussed below and as discussed on the record, the Court grants Defendant's motion.

I.      Procedural History

On August 14, 2025, Judge Coleman granted Plaintiffs' motion for summary judgment on Counts I-VI of Plaintiffs' third amended complaint. (Dkt. 135.) This ruling solely addressed liability and did not address quantum of damages. (*Id*.) The parties thereafter consented to proceed before the undersigned magistrate judge. (Dkt. 143.)

On December 15, 2025, the Court set a bench trial for April 28, 2026, confined to the issue of damages. (Dkt. 156.) A final pretrial conference was scheduled for April 16, 2026. (*Id*.)

Before the date of the final pretrial conference, Plaintiffs O'Shea and Salamon moved *in limine* for leave to testify remotely. (Dkt. 160.) On April 1, 2026, the Court informed Plaintiffs that because they are proceeding *pro se*, they would need to attend trial in person to present their case. (Dkts. 159, 161.) As a result, their motion to testify remotely was denied. (Dkt. 161.) On April 14, 2026, Plaintiff O'Shea moved to reconsider that

ruling. (Dkt. 165.)  On April 15, 2026, the Court reaffirmed its ruling (Dkt. 168), denying Plaintiff O'Shea's renewed request to not attend trial:

> The renewed motion to permit John O'Shea to testify remotely is also denied. Mr. O'Shea is an unrepresented party with a burden of proof. He has invoked the jurisdiction of this Court, and he has chosen to proceed without counsel who can act as his representative. This is not simply a question of his being present to testify. To maintain the case he has brought, he must either attend in person or be represented by counsel who will attend in person.

On April 16, 2026, no Plaintiffs appeared at the final pretrial conference. (Dkt. 170.) Because Plaintiffs were proceeding *pro se*, the Court did not impose any sanction for their failure to appear. The Court reviewed the parties' proposed final pretrial order and concluded that the parties had failed to comply with the Court's standing order regarding the expected content of this document. (*Id.*) The Court concluded that the parties were not prepared for trial and struck the April 28, 2026 trial date. (*Id.*)

On April 28, 2026, Defendant moved to reconsider the August 2025 grant of summary judgment. (Dkt. 175.) Among the issues raised in that motion, Defendant argued that Plaintiffs had not submitted facts in their summary judgment motion sufficient to establish prudential standing. The Court set a briefing schedule on that motion. (Dkts. 179, 181.) The Court also set a trial date for June 23, 2026. (*Id.*)

On June 5, 2026, the Court granted Defendant's motion for reconsideration in part and denied it in part. (Dkt. 196.) The Court concluded that the summary judgment record had not provided a factual basis on which the Court could have concluded as a matter of law that the Plaintiffs had prudential standing to maintain all aspects of their case. The Court did not eliminate any of Plaintiffs' claims, but it expanded the areas of inquiry at trial. The Court directed, "At trial, Ms. Goulding will need to prove prudential standing as to all counts. The other plaintiffs will need to prove prudential standing as to Counts II, IV, and V."

The final pretrial conference proceeded on June 8, 2026. At the pretrial conference, the Court once again explained to Plaintiff O'Shea that he would need to appear at trial in person.

On June 18, 2026, two business days before the start of trial, Defendant filed a document entitled Defendant's Response to Plaintiffs' Motion for Leave to Substitute Randall Goulding for [Plaintiff] Robyn Goulding. (Dkt 200.) The Court was confused by this response brief because no such motion for leave to substitute had appeared on the docket. The Court alerted the parties by minute order, "There is no such motion in the docket, and the Clerk's office has confirmed that it has not received any such motion." (Dkt. 201.) On June 19, 2026, Plaintiffs filed their Motion for Leave to Substitute Randall Goulding for [Plaintiff] Robyn Goulding. (Dkt. 205.). Plaintiff David Goulding later informed the Court that he had tried to file this motion on June 12, 2026 and only re-filed it on June 19, 2026 in response to the Court's notice at Dkt. 201

Due to the Juneteenth holiday on Friday June 19, 2026, the filing at Dkt. 205 did not appear on the docket until the afternoon of Monday, June 22, 2026, the day before the start of trial.

On Sunday, June 21, 2026, having received no ruling on their Motion for Leave to Substitute, Plaintiffs filed a Motion To Continue Trial Date With Alternative Relief to Dismiss Without Prejudice. (Dkt. 206.) As with the prior filing, this *pro se* filing did not reach the docket until the afternoon of June 22, 2026.

At 12:15 p.m. on June 22, 2026, Plaintiff Goulding emailed the undersigned's chambers email address, copying the other Plaintiffs but not copying Defendant. In sum and substance, Mr. Goulding asserted that because the Plaintiffs had not received a ruling on Dkts. 205 (Motion for Leave to Substitute) and 206 (Motion to Continue Trial Date), they would not be coming to trial the next day. The Court placed this email on the docket at Dkt. 202. The email included the following summary of the Plaintiffs' position:

> Without such rulings [on the motion for leave to substitute] and time to prepare [with respect to prudential standing], in accordance with such rulings, there appears to be no reason for the plaintiffs to do the substantial out-of-state or even out of the country traveling, in the case of John O'Shea, halfway around the world, without knowing the results of these motions and how to proceed accordingly. As a result, we have canceled our travel plans, anticipating appropriate rulings on the filed, but not file-stamped, motions, which we attach hereto for your perusal.

3

The Court promptly responded to the email with an email that was later placed on the docket at Dkt. 203. The Court emphasized that the trial date would not change:

> This communication will be addressed by Minute Order. But because time is very short, I am sending a short response now. No motion for extension has been sought or granted. Please understand that the trial will proceed tomorrow, and I would encourage you to attend if you are still seeking an award of damages. I have copied Mr. Burke, who was not a recipient of your email. I also note that no exhibits were attached.

In Dkt. 204, the Court reiterated that the trial date would remain unchanged: "Plaintiffs have not sought leave to continue the trial, and no leave is given. Trial will begin tomorrow as scheduled."

Once the two filings submitted on June 19, 2026 and June 21, 2026 were placed on the docket (Dkts. 205 and 206, as discussed above), the Court promptly ruled and denied both motions. (Dkt. 207.)

> Before the Court are Plaintiffs' motion to substitute Randall Goulding in place of Robyn Goulding 205 and Plaintiffs' motion to continue or dismiss 206 . The motion to substitute Mr. Randall Goulding for Robyn Goulding is denied. This case has been pending since 2022, and Plaintiffs have filed four versions of the complaint. In each of those filings, the parties could have named Mr. Randall Goulding as a plaintiff. Amending at this point would prejudice Defendant, who would have no opportunity to conduct any form of discovery regarding this new plaintiff. The parties submit as an exhibit supporting substitution an Agreement created 6/12/26 between Mr. Randall Goulding and Ms. Robyn Goulding. This eleventh-hour contract is insufficient grounds to permit Mr. Randall Goulding to bring claims against the Defendant. Because 205 is denied, Plaintiffs' request to continue the trial to permit substitution is denied as moot 206 . In 206 Plaintiffs request in the alternative leave to dismiss and replead with Mr. Randall Goulding as plaintiff. That request comes too late and is denied. A Rule 41 dismissal without prejudice may proceed pursuant to Rule 41(a)(1)(A)(ii), but that filing will require the signature of Defendant Miller.

On June 23, 2026, Defendant Miller timely appeared through counsel for trial. No Plaintiff appeared. At 9:47 a.m., 17 minutes after the scheduled start of trial, the Court's courtroom deputy emailed the Plaintiffs: "Trial was scheduled to begin today at 9:30. Judge McNally asks for confirmation that you are on your way." This email was placed on the docket at Dkt. 208. At 9:59 a.m., Plaintiff Goulding responded, copying the other Plaintiffs. "We are not." (*Id.*)

Trial convened. The Court informed Defendant that the Plaintiffs had communicated to the Court that they would not be attending the trial. Defendant moved for dismissal pursuant to Rule 41(b).

II.     Analysis and Ruling

Rule 41(b) permits dismissal on motion "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b).

Plaintiffs here repeatedly failed to prosecute and failed to comply with this Court's orders. On April 16, 2026, they did not appear for the final pretrial conference. (Dkt. 170.) The Court did not sanction Plaintiffs and instead moved the trial date to June 23, 2026.

Between April and June 2026, the Court repeatedly informed the Plaintiffs that they would need to attend trial in person, including in Dkts. 159, 161, 168, 203, 204, and at the final pretrial conference on June 8, 2026.

Plaintiffs' first request to continue the trial was filed the Sunday before trial, June 21, 2026, and that motion was promptly denied on June 22, 2026. (Dkt. 207.) Even on the day of trial, the Court delayed the start of trial to ask (through the courtroom deputy) whether the Plaintiffs were on their way to the courthouse. Plaintiff David Goulding was unambiguous: "We are not."

Given this record, the Court concludes that a Rule 41(b) dismissal is warranted. Plaintiffs refused to prosecute their case and chose to defy repeated orders setting this case for trial on June 23, 2026. Even if the Plaintiffs had additional questions about the status of their motions, they had the obligation to appear in person to discuss those questions with the Court. Plaintiffs were not free to grant themselves continuance in the face of the Court's repeated statements that trial would proceed. Plaintiffs' decision was willful and intentional. Accordingly, the Court grants Defendant's motion to dismiss.

So ordered.

DATED: 6/23/2026

Laura K. McNally

Laura K. McNally

United States Magistrate Judge

6